UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LIQUID EVENTS WORLDWIDE,

                Plaintiff,

-against-

HOSTELING INTERNATIONAL,

                Defendant.

22-CV-2478 (LTS)

ORDER OF DISMISSAL UNDER 28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Liquid Events Worldwide brings this *pro se* action and seeks to proceed *in forma pauperis* (IFP), that is, without paying the filing fees. Based on prior actions filed in this district and other courts, the Court understands Liquid Events Worldwide to be a corporate entity owned by an individual named Sean Matthew Finnegan. *See Finnegan v. Morford*, ECF 1:22-CV-0125, 2, at 9 (S.D.N.Y. Feb. 9, 2022) (complaint filed by Finnegan describing Liquid Events Worldwide LLC as "plaintiff's corporation"); *Finnegan et al. v. ServeCorp.*, ECF 1:22-CV-0629, 2 (S.D.N.Y. Feb. 7, 2022) (complaint filed by Finnegan on behalf of Liquid Events Worldwide); *Liquid Events Worldwide v. CF Real Estate Services*, No. 1:21-CV-2396 (N.D. Ga. Mar. 17, 2022) (complaint filed by Liquid Events Worldwide "c/o Sean Matthew Finnegan"); *Finnegan v. Lemonade*, ECF 1:21-CV-5719, 2 (S.D.N.Y. Oct. 20, 2021) (complaint filed be Finnegan listing "info@liquideventsworldwide.com" as his email address); *Finnegan et al. v. Legal Shield*, No. 3:21-CV-0773 (S.D. Cal. June 10, 2021) (complaint brought by Finnegan on behalf of Liquid Events Worldwide LLC, among others); *Finnegan v. Verizon*, No. 1:21-CV-1754 (D.D.C. Nov. 21, 2021) (complaint filed by Finnegan including copies of several documents signed by Finnegan on behalf of Liquid Events Worldwide).

    On February 7, 2022, Sean Matthew Finnegan was barred from filing any new action IFP without first obtaining from the court leave to file. *See Finnegan v. Dist. of Columbia Sup. Ct.*,

ECF 1:21-CV-10946, 6 (S.D.N.Y. Feb. 7, 2022). Finnegan may not circumvent the bar order by filing actions in the name of a corporation, and he has not sought leave from the court to file this action.[1] The Court therefore dismisses the action without prejudice for Finnegan's failure to comply with the February 7, 2022 order.

Finnegan is warned that further frivolous or vexatious litigation or attempts to circumvent the bar order may result in further sanctions. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Court dismisses this action without prejudice for Finnegan's failure to comply with the February 7, 2022, order.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 11, 2022
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

---

[1] Even if Finnegan had sought permission to file, he may not assert claims on behalf of Liquid Events Worldwide. Corporations, nonprofit organization, and other artificial entities cannot proceed *pro se*. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (noting that "lower courts have uniformly held that 28 U.S.C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney") (citations omitted); *see also Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (noting that "it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*"). Because Finnegan is not a licensed attorney, he may not assert claims on behalf of Liquid Events Worldwide. *See, e.g.*, *Rowland*, 506 U.S. at 202-03.